Fanny M. BURKS, (Plaintiff) Appellant,

v.

Elmer L. BUCKMILLER and Hettie I. Buckmiller, (Defendants) Respondents.

No. 30802.

St. Louis Court of Appeals. Missouri.

Sept. 19, 1961.

Val Terschluse, St. Louis, for appellant.

Rene J. Lusser, Lusser, Morris & Burns, St. Louis, for respondents.

WOLFE, Judge.

This is an action for damages sustained by reason of personal injuries that the plaintiff suffered when she fell while descending an unlighted stairway. The defendants are the landlords of the premises where the plaintiff fell while she was visiting the tenants. There was a verdict and judgment for the defendants. After a timely motion for a new trial filed by the plaintiff was overruled, the plaintiff appealed.

In August of 1956 the defendants purchased a two-family flat at 4007 North Eleventh Street in the City of St. Louis. At that time the tenants of the upper flat (4007-a) were Mr. and Mrs. George Dockery, and they continued as tenants of the defendants. Access to their flat was from an entrance on the south side of the building, and the stairs led upward from this entrance serving only the portion of the building occupied by the Dockerys.

The stairway was lighted from a one-bulb light fixture which was attached to the ceiling at the top of the stairs. The fixture was fastened flush with the ceiling and accommodated a bulb from an exposed socket. It was wired so that it could be turned on at both the bottom and the top of the stairs. At night when the light was not on, the stairway was so dark that one would have to feel his way down.

At some time in September, bulbs placed in the fixture by Mrs. Dockery started burning out, and toward the middle of September it stopped functioning.

Mrs. Dockery mentioned the matter to the landlord, Mr. Buckmiller, shortly thereafter while he was working in the yard. He came into the flat to see about it. He borrowed a table and a chair from Mrs. Dockery, and standing upon these he put in a new light bulb given him by Mrs. Dockery. It did not light, so he borrowed a screwdriver from Mrs. Dockery and loosened the fixture from the ceiling. This dropped the fixture four or five inches and left it suspended by the electric wires. After he was there about ten or fifteen minutes he said that he could not fix it himself and that he would have to get an electrician. Mrs. Dockery concluded that there was something wrong with the switch since he could not fix it. He left the fixture suspended by the wires, and it was in that condition and still not operating on January 8, 1957, which is the date of the occurrence mentioned in this action.

The plaintiff, Mrs. Burks, was a sister-in-law of Mrs. Dockery. She visited Mrs. Dockery from two to four times a week during the fall of 1956 and in January of

1957. For at least three months prior to January 8 the hall was not lighted, and she went up and down the steps to and from the apartment in the dark. She said that she had gone up and down the stairs dozens of times in the dark. On the night of January 8, at about eight o'clock, she went with her husband to Dockerys' flat for the purpose of taking another sister-in-law living there to a doctor. She went up in the dark, and about ten minutes later came down in the dark with her sister-in-law, and they went as planned to see a doctor. They returned around nine o'clock, and again the plaintiff went up the dark stairs. The plaintiff and her husband started to leave shortly thereafter, with the plaintiff preceding her husband down the stairs. She testified that she was holding on to the bannister as she descended, but that after she had gone down five or six steps she "fell or missed a step". She fell three or four steps and ended sitting on her left foot. Her ankle was broken by the fall.

The landlord testified by deposition that he looked at the light and saw that the wire was loose, after which he told Mrs. Dockery that he would get an electrician to fix it for her.

The case was submitted to the jury upon the theory that the landlord attemped to repair the light fixture and negligently left it in a defective condition. As stated, there was a verdict for the defendants, and the plaintiff prosecutes this appeal.

Five of the eight points raised by the appellant go to alleged errors in instructions given. The defendants upon trial moved for a directed verdict at the close of the plaintiff's case and at the close of all of the evidence. Here they assert again that the plaintiff failed to make a submissible case. It is clear that if the evidence presented was insufficient to make a case properly submissible to a jury, it is of no importance that the instructions to the jury were good or bad, for there would be nothing for the jury to properly pass upon. Howard v. Johnoff Restaurant Company, Mo.Sup., 312 S.W.2d 55; O'Dell v. Dean, 356 Mo. 861, 204 S.W.2d 248; Komeshak v. Missouri Petroleum Products Co., Mo.App., 314 S.W.2d 263.

We consequently consider the question of whether or not the facts presented were sufficient in law to support a finding for the plaintiff. It is axiomatic that in passing upon this, we view the evidence in a light most favorable to the plaintiff and disregard the defendants' evidence unless it tends to aid the plaintiff's case. Williamson v. St. Louis Public Service Co., 363 Mo. 508, 252 S.W.2d 295; Wapelhorst v. Lindner, Mo.Sup., 269 S.W.2d 865; Williams v. Ricklemann, Mo.Sup., 292 S.W. 2d 276. We shall so view the evidence to determine if the landlords breached their duty or were guilty of negligence for which they are liable to the plaintiff.

The facts before us present no situation where the liability of the landlord would be greater to a guest of the tenants than to the tenants themselves. The guest stands in the same position as the tenants. Degnan v. Doty, Mo.Sup., 246 S.W. 922; Mahnken v. Gillespie, 329 Mo. 51, 43 S.W. 2d 797; Darlington v. Railway Exchange Bldg., 353 Mo. 569, 183 S.W.2d 101.

This case was not submitted upon the theory that the landlord had agreed by contract with the tenants that he would keep the premises in repair. We discussed such a situation in Tucker v. Taksel, Mo.App., 345 S.W.2d 385. It is conceded by the plaintiff-appellant that the landlord was under no duty to repair the light fixture. Roach v. Herz-Oakes Candy Co., 357 Mo. 1236, 212 S.W.2d 758; Swingler v. Robinson, Mo. App., 321 S.W.2d 29. The submission was upon the theory that the landlord gratuitously undertook to repair the fixture and negligently left it in a defective condition.

Plaintiff of course maintains that she made a submissible case, and for her position she relies strongly upon Bartlett v. Taylor, 351 Mo. 1060, 174 S.W.2d 844. In that case will be found an exhaustive and

clear treatment of the subject of a landlord's liability when he gratuitously but negligently repairs a tenant's premises. The facts there were that the landlord altered a device to lift a garage door, and wire used by him was insufficient in strength to hold the weight of the door. The wire broke and the door fell, striking and injuring the plaintiff. It would serve no purpose here to restate the principles therein set out, for they deal with repairs made or attempted.

We have no such situation here, for the only factual conclusion that can be drawn from the evidence is that the landlord examined the fixture and found that he could not fix it. He told the tenant that he could not, and he did not attempt to. He could not be charged with negligently repairing something which he did not even attempt to repair. The statement that he would get an electrician to fix it was made without consideration passing to the landlord, so no contractual liability would follow. Glenn v. Hill, 210 Mo. 291, 109 S.W. 27, 16 L.R.A., N.S., 699. Nor is any contractual liability asserted.

One point raised by the plaintiff, not covered by that which we have heretofore said, relates to the court excluding a part of defendant Buckmiller's deposition, in which Buckmiller said that at some time prior to January 8 he "notified" an electrician about the light. We fail to see wherein the statement was relevant to any issue pleaded or tried. The exclusion of the offered evidence was therefore not erroneous.

Since the plaintiff failed to make a submissible case, a verdict should have been directed for the defendants. The jury, without having been so directed, reached the same result; and the judgment upon their verdict is therefore affirmed.

RUDDY, Acting P. J., and GEORGE P. ADAMS, Special Judge, concur.

ANDERSON, J., not participating.