Thomas L. WATTERSON, a minor, by his
next friend, and John W. Watterson,
Plaintiffs-Respondents,

v.

Gregory A. PORTAS, Defendant-Appellant.

No. 33798.

St. Louis Court of Appeals,
Missouri.

March 23, 1971.

Maniscalco, Clancy & Pittman, Clayton, Edward T. Wright, St. Louis, for plaintiffs-respondents.

Murphy & Kortenhof, Ben J. Ely, Jr., St. Louis, for defendant-appellant.

CLEMENS, Commissioner.

This appeal brings up two related issues: Did the trial court err in giving two converse instructions, and was that claimed error rendered harmless by plaintiffs' failure to make a submissible case?

The case grew out of an intersectional collision between two cars, one driven by the minor plaintiff and the other by defendant. The minor plaintiff sued for $5,000 personal injuries; his father joined as co-plaintiff seeking $500 medical expenses. The jury gave defendant a verdict but the trial court granted plaintiffs a new trial on the ground it had erred in giving two instructions conversing defendant's negligence.

On this appeal defendant contends any instructional error was harmless since "plaintiffs' evidence was insufficient to support the [three] grounds of negligence charged." The defendant overstates the rule. The true test is not whether the evidence supported each submitted ground of negligence but whether plaintiffs made a submissible case. Bello v. Stuever, Mo., 44 S.W.2d 619[4–6]; Burks v. Buckmiller, Mo. App., 349 S.W.2d 409[2]; and Bafaro v. Pezzani, Mo.App., 376 S.W.2d 631[1].

█ Each plaintiff submitted defendant's negligence disjunctively by a modified MAI 17.02 in failing to keep a careful lookout, driving at an excessive speed, or failing to drive on his right half of the roadway when approaching the intersection. We consider the lookout submission. In determining submissibility we view the evidence favorably to plaintiffs and disregard defendant's evidence unless it aids plaintiffs' case. Burks v. Buckmiller, supra.

The evidence conflicted sharply but we relate only the evidence favorable to plaintiffs. (We will refer to the minor plaintiff in the singular.) Reavis Barracks Road is a two-lane street running generally from west to east; Huntingdon Lane is also a two-lane street running generally southwest. At the place of collision Huntingdon Lane enters the north side of Reavis Barracks Road, which there begins to curve slightly to the south. The streets can be depicted as a horizontal Y opening to the east, with Reavis Barracks Road being the bottom line and Huntingdon Lane being the upper branch. Traffic on Huntingdon Lane entering Reavis Barracks Road is controlled by a stop sign. The stop sign had been placed some forty feet back from the intersection because of construction work.

Plaintiff was driving southwest on Huntingdon Lane intending to turn left into Reavis Barracks Road; defendant was driving east on Reavis Barracks Road intending to turn left into Huntingdon Lane.

Approaching the intersection, plaintiff stopped at the stop sign on Huntingdon Lane but the sign was so far back from Reavis Barracks Road he could not make a left turn from that point. So, he moved forward about forty feet still short of the intersection in order to start his left turn into Reavis Barracks Road. There plaintiff stopped again, with the right side of his car about two feet from the right curb of Huntingdon Lane and the left side about four feet from its center line. Plaintiff turned on his left-turn signal and waited for traffic on Reavis Barracks Road, including defendant, to clear the intersection. There was clear visibility at the intersection and plaintiff saw defendant's car on Reavis Barracks Road when it was a block and a half away. Defendant testified that when he was 200 feet from Huntingdon Lane he saw plaintiff come to a stop and saw him again when defendant was 100 feet from Huntingdon Lane; defendant also said he saw plaintiff when defendant was 20 feet from the point of impact.

After first seeing plaintiff 200 feet away defendant continued east on Reavis Barracks Road and then turned half-left into Huntingdon Lane. The left front corner of defendant's moving car struck the left

front corner of plaintiff's standing car while it was still stopped in plaintiff's right-hand side of Huntingdon Lane.

To make a submissible case of a defendant's failure to keep a careful lookout it is unnecessary, and generally impossible, for a plaintiff to produce direct evidence the defendant was not looking. But a plaintiff may prove this circumstantially. To warrant a plaintiff's submission it is sufficient to show that a defendant reasonably could have seen the danger of collision with plaintiff in time to have taken evasive action. Young v. Grotsky, Mo., 459 S.W.2d 306[4]. A jury may disbelieve a defendant's testimony that he was looking carefully and conclude otherwise by reasonable inferences from the evidence. Welch v. Sheley, Mo., 443 S.W.2d 110[6–8]. Here, there was evidence that plaintiff's standing automobile was visible to defendant from the time he was at least 200 feet away and that defendant drove into it while he was completing his left turn. From this the jury could reasonably infer defendant did not keep a careful lookout. Compare Young v. Grotsky, supra, and Rickard v. Pratt, Mo.App., 459 S.W.2d 13.

We hold plaintiff made a submissible case. It follows that if defendant's converse instructions were given erroneously that error was not harmless. We now consider those instructions.

Since their damage submissions differed, of necessity each plaintiff offered a separate verdict-directing instruction. (See Committee Comment to MAI 35.05, page 405.) For the minor plaintiff the court gave Instruction No. 4, a modified MAI 17.02, disjunctively submitting three grounds of defendant's negligence and hypothesizing the minor plaintiff's damage. For the plaintiff-father the court gave Instruction No. 7, a modified MAI 17.02, identical to Instruction No. 4 except that it hypothesized the father's damage. Thus each verdict director submitted the same theory of recovery. For the defendant the court gave two MAI 33.04(1) instructions. No. 5 read: "Your verdict must be for defendant on Count I, plaintiff Thomas L. Watterson's claim for damages, unless you believe that defendant's conduct was negligent as submitted in Instruction No. 4." No. 8 read: "Your verdict must be for defendant on Count II, plaintiff John W. Watterson's claim for damages, unless you believe that defendant's conduct was negligent as submitted in Instruction No. 7." The defendant contends he was entitled to separately converse each plaintiff's verdict director even though each submitted the same theory of recovery. We disagree.

In Murphy v. Land, Mo., 420 S.W.2d 505, there were, as here, a minor and his parents as plaintiffs. The trial court gave separate humanitarian negligence verdict directors, each submitting the same theory of recovery. For defendant the court gave one instruction conversing each element of the humanitarian submission and still another conversing all negligence generally. Thereby the defendant twice conversed negligence, an element common to both plaintiffs' verdict directors. Following a verdict for defendant the trial court granted plaintiffs a new trial for error in giving defendant's two converse instructions. The defendant appealed, relying on Notes on Use of MAI 33.04, page 360: "When plaintiff [singular] submits two separate verdict-directing instructions, defendant may converse each such submission with any of the approved converse instruction forms." In affirming the trial court's conclusion of error the court said: "The quoted MAI provision authorizing multiple converse instructions refers and applies only to the conversing of submissions of multiple theories of recovery. It has no application to this situation, in which the court submitted the same theory of recovery in behalf of different parties plaintiff." That language squarely condemns giving two converses in this case where each plaintiff submitted the same theory of recovery.

The case of Scheele v. American Bakeries Company, Mo., 427 S.W.2d 361 [1, 2], is more akin to our case, the only difference being that there were two defendants as well as two plaintiffs. There, as here, each plaintiff had a separate verdict-directing instruction on the same theory of recovery. Each defendant got separate instructions conversing the same element of each plaintiff's verdict director. Each defendant contended he was entitled to converse each plaintiff's verdict-directing instruction. In condemning the multiple converse instructions the court said: "This Court held in Murphy v. Land, supra, wherein defendant gave two converse instructions in response to plaintiff's verdict-directing instructions submitting a single theory of recovery that the giving of two converse instructions was a violation of M.A.I. 29.01 [now MAI 33.01] and constituted error." The court then ruled: "We hold that the giving of two converse instructions to each of plaintiffs' verdict-directing instructions was a violation of M.A.I. and was prejudicially erroneous." So it is here.

Defendant seeks to justify his separate converse instructions by the illustration at MAI 35.06 where plaintiffs husband and wife submit on the same theory of recovery and defendant gets separate converse instructions (No. 4 and No. 6). But there each converse is directed to a different element of plaintiffs' verdict directors; Instruction No. 4 converses the negligent act and the husband's damage; Instruction No. 6 converses the wife's damage. In contrast, here each converse instruction conversed the same element of each verdict director, defendant's negligence. Directly appropriate to our case is the illustration at MAI 35.05 where plaintiffs husband and wife submit on the same theory of recovery and the defendant properly converses the plaintiffs' submissions of defendant's negligence with a single converse instruction (No. 5, MAI 33.02(2) modified): "Your verdict must be for the defendant and against both John Doe and Mary Doe if you do not believe that defendant was negligent as submitted in Instruction No. 2."

We hold that where co-plaintiffs' verdict-directing instructions submit the same theory of recovery and defendant desires to converse the same element or elements of each verdict director, the defendant is entitled to only one converse instruction, as illustrated by Instruction No. 5 of MAI 35.05. It follows that the trial court properly granted plaintiffs a new trial for erroneously giving defendant's two converse instructions.

Civil Rule 70.01(c), V.A.M.R. declares: "The giving of an instruction in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined." We have considered defendant's contention that the error in giving the two converse instructions was not prejudicial. In denying this contention we adopt the language of Murphy v. Land, supra [3-7]: "All deviations from the straight and narrow path prescribed in MAI will be presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted. The requirements of MAI are mandatory. The burden of establishing nonprejudice is on the proponent of the instructions. That it is the policy of this Court to require strict compliance with all of the requirements of MAI is made clear in Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255, a decision by the Court en Banc handed down concurrently herewith. Appellant has not established that no prejudice resulted from the giving of two converse instructions. We hold that this violation of MAI constituted prejudicial error." To the same effect see Scheele v. American Bakeries Company, supra, [2].

The trial court's order granting plaintiffs a new trial is affirmed and the cause is remanded.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court.

Accordingly, the trial court's order granting plaintiffs a new trial is affirmed and the cause is remanded.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.