Winifred BURROW and William Burrow, Plaintiffs-Respondents,

v.

Joey Dean MOYER, Defendant-Appellant.

No. 35646.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 11, 1975.

' Carter, Brinker & Doyen, Clayton, for defendant-appellant.

Benson Cytron, House Springs, for plaintiffs-respondents.

DOWD, Presiding Judge.

An automobile accident case. Trial court granted plaintiffs a new trial following a jury verdict for defendant. Defendant appeals. We affirm.

On July 28, 1966, at 1:30 p.m., a three car collision occurred in Jefferson County on Highway 30. Plaintiff Winifred Burrow was operating her vehicle in the westbound lane of the two lane highway. Defendant was also in the westbound lane, traveling five or six car lengths behind plaintiffs' car. Both cars were traveling at approximately 30 to 35 miles an hour and there was testimony that it was raining heavily and that the highway was wet.

As plaintiffs' car was rounding a curve in the road, a third car traveling east, driven by Cleon Lucia, crossed the center line and struck plaintiffs' car in a nearly head-on collision. At this time, defendant applied his brakes and tried to avoid the accident. Defendant's car skidded into plaintiffs' car, causing some damage. Defendant moved for a directed verdict, both at the close of plaintiffs' evidence and at the close of all the evidence. Both motions were denied.

Plaintiffs submitted their case to the jury in two counts: count one, damages for Winifred Burrow for her physical injuries, and count two, medical expenses and loss of consortium by her husband, William Burrow. The theory of recovery submitted to the jury was defendant's failure to stop after danger of an accident became apparent. The jury returned a verdict for defendant on both counts. There-after, the trial court granted plaintiffs' motion for a new trial.

The ground upon which the trial court granted plaintiffs' motion for a new trial was that Instruction No. 4 was erroneous. Defendant contends that the trial court erred in holding the instruction erroneous and that the jury's verdict should be reinstated. Defendant also argues on appeal that the trial court erred in overruling his motions for directed verdict for the reason that plaintiffs failed to make a submissible case. We take the points in reverse order.

■ In deciding whether plaintiffs have made a submissible case, this court must consider only the evidence favorable to plaintiffs; all contrary evidence is disregarded. As such, the evidence shows that defendant was traveling 25 m.p.h. immediately before the accident became apparent; that he was following, at the most, six car lengths behind Mrs. Burrow; that a car length is 20 feet; that when he first saw the Lucia car it was on the wrong side of the road and both the Lucia car and plaintiffs' car were about 15 feet from the point of impact.

Plaintiffs also had a consulting engineer testify as to certain figures he had computed regarding stopping distances: an automobile similar to defendant's assuming that its brakes and tires were in good condition, and assuming that it was raining and the pavement was wet, could be stopped within 75 feet when traveling at 25 m.p.h. Based on defendant's deposition, he was nearly 135 feet from the first collision when he first realized there was going to be an accident. Defendant had stated that his brakes and tires were in good condition and that there was nothing mechanically wrong with his car. Based on this evidence, the jury could have found that defendant had ample time to stop his auto before striking the plaintiffs' auto.

■ Defendant argues that plaintiffs' expert testimony should be disregarded. He bases this contention upon his allegation

that the accident had occurred directly in defendant's path; that this was a three car accident involving two separate accidents; that both plaintiffs' car and the Lucia car were demolished; that this first accident completely blocked defendant's lane of travel; that defendant skidded on the wet pavement; and, that the available distance to stop was questionable, since the final position of the cars was uncertain.[1]

Assuming, without deciding, that the expert did not consider these factors, we fail to agree with defendant's assertion that the expert testimony had to be disregarded. The expert was testifying about stopping distances. In making his calculations, he considered the composition of the pavement, the curve of the road, the condition of defendant's tires and brakes, the defendant's reaction time, the make of defendant's car and the rain. The factors urged by defendant have nothing to do with how quickly a car can stop. Whether a prior accident has occurred does not affect how long it takes to stop. The expert did *not* make any conclusions as to whether defendant could have avoided plaintiffs' car; that decision was for the jury. Also, the position of plaintiffs' car following the first accident goes to the distance available for stopping, and not stopping ability. The testimony by the expert here was properly admissible in determining if a submissible case had been made.

Defendant's remaining contention on this issue is that there was no showing that plaintiffs' car did not travel backwards after her collision with the Lucia car, thus shortening the distance available for defendant to stop his automobile. On the other hand, there was no evidence that plaintiffs' car had moved at all. When two cars collide head-on at approximately the same speed, it is not unreasonable to assume that plaintiffs' car was not moved backward any great distance. Even assuming that it did, under plaintiffs' best evi-

dence, defendant had 135 feet to stop and needed only 75 feet in which to stop. That still leaves 60 feet of additional room, which could allow for any movement of plaintiffs' car.

■ In order to make a submissible case, plaintiffs had to show that when defendant saw or should have seen that there was a likelihood of an accident between the other two vehicles, he still would have been able to stop in time to avoid striking plaintiffs' car. McAlister v. Urhahn, 492 S.W.2d 19 (Mo.App.1972). We can not say that under the facts above plaintiffs have not met this burden. Trial court properly held that plaintiffs made a submissible case.

Defendant's second point on appeal is that the trial court erred in granting plaintiffs a new trial. The new trial was granted because Instruction No. 4 was erroneous.

Instruction No. 4 is a converse of plaintiffs' two verdict-directing instructions. They are:

"INSTRUCTION NO. 2

"Your verdict must be for plaintiff Winifred Lee Burrow if you believe:

"First, defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision between the car operated by defendant and the car operated by plaintiff, Winifred Lee Burrow, in time thereafter to have stopped but defendant failed to do so, and

"Second, defendant was thereby negligent, and

"Third, such negligence directly caused or directly contributed to cause injury to plaintiff Winifred Lee Burrow."

1. Defendant also claims the expert did not know it was raining; on the contrary, the record shows that fact was included in the hypotheticals.

"INSTRUCTION NO. 3

"Your verdict must be for plaintiff William Burrow, if you believe:

"First, defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision between the car operated by defendant and the car operated by plaintiff, Winifred Lee Burrow, in time thereafter to have stopped but defendant failed to do so, and

"Second, defendant was thereby negligent, and

"Third, such negligence directly caused or directly contributed to cause any injury to plaintiff Winifred Lee Burrow, and as a direct result of such injury plaintiff William Burrow sustained damage."

Defendant's converse instruction, which is a modification of MAI 33.02(5), follows:

"INSTRUCTION NO. 4

"Your verdict must be for the defendant if you do not believe defendant was negligent and that plaintiffs sustained damage as a direct result thereof."

By this single instruction defendant seeks to converse both verdict-directing instructions on both the elements of negligence and damages. We find the instruction erroneous and trial court properly so ruled.

■ There are two plaintiffs in this case. Mrs. Burrow is suing for $45,000 for her personal injuries. Mr. Burrow is suing for $15,000 for his wife's medical expenses and for loss of consortium. Mr. Burrow's suit is a derivative suit; if his wife has no valid claim for personal injuries, he may not recover any of his damages as a matter of law. Rieke v. Brodof, 501 S.W.2d 66, 67 (Mo.App.1973). Plain-

tiffs chose to submit their case under the two verdict-directing instructions set out above. Defendant does not dispute that plaintiffs were entitled to use two verdict directors; indeed, there is specific authority directly permitting plaintiffs to do so. Watterson v. Portas, 466 S.W.2d 129 (Mo. App.1971).[2] The *Watterson* case also held it was error for defendant to separately converse each plaintiff's verdict director where each verdict director submitted the same theory of recovery.

In this case, defendant argues he was allowed only one converse instruction and that the converse given was correct, citing *Watterson* and other cases finding error in submitting two converse instructions. We disagree.

■ Under the submissions here, it is clear that the use of one converse in the form used was error. A single converse is used only in cases where defendant intends to converse the same theory in each of plaintiffs' verdict directors. Watterson v. Portas, *supra.*

■ Here, as said, defendant was seeking to converse both negligence *and* damages. As such, the case of Wyatt v. Southwestern Bell Telephone Company, 514 S.W.2d 366 (Mo.App.1974), decided after the trial of this case, contains an excellent analysis of the issue of when two converse instructions are proper. As said in *Wyatt,* "The rules prohibiting the use of two converse instructions directed at multiple verdict-directors do *not* apply where multiple parties relying on the same theory of recovery have damage submissions which differ." The court goes on to cite language from the MAI Notes on Use (adopted after this case was tried) which say, "When multiple parties submit the same theory of recovery . . . but an additional element of proof is necessary to establish such recovery . . . by one or more of such parties, then an additional

2. Also see MAI 35.05 and 35.06.

converse instruction may be submitted to meet such additional element of proof." If the verdict directing instruction for the wife includes an additional finding of damages to her, then the defendant may submit an additional converse to meet the issue of the wife's damages. *Wyatt, supra,* at 370.

The court in *Wyatt* also points out that these new notes on use only make clearer what was always the correct usage under Illustration MAI 35.06:

"The illustrated situation (MAI 35.06) involves a claim by the husband for injuries and a claim for loss of consortium by the wife. In the illustration, as here, defendant, among other things, asserted the husband's injuries were sustained before the accident and that the wife had suffered no damages. The husband and wife, in separate verdict directing instructions, relied on the same theory of recovery but, as is necessary and required (MAI 31.04), the wife's instruction included an additional finding of damage to her. Illustration MAI 35.06 permitted defendant two converse instructions, i.e., 'Instruction No. 4 (MAI 33.02(1) Modified)—Your verdict must be for defendant on plaintiff [husband's] claim for damages if you do not believe defendant violated the traffic signal or that plaintiff [husband] sustained damage as a direct result of defendant's negligence,' and 'Instruction No. 6 (MAI 33.03(3) Modified)—Your verdict must be for defendant on plaintiff [wife's] claim unless you believe she sustained damage as a direct result of injuries sustained by [husband as submitted in plaintiff wife's verdict directing instruction].' "

We hold that the form of defendant's converse was confusing, misleading and erroneous under the facts here. Mayberry v. Clarkson Construction Company, 482 S.W. 2d 721 (Mo.1972). Therefore, the trial court did not err in granting a new trial on this point.

The order of the trial court granting plaintiffs a new trial is affirmed and the cause is remanded.

WEIER, CLEMENS and RENDLEN, JJ., concur.