William A. WILDER and Cornelia
Wilder, Plaintiffs-Appellants,

v.

CHASE RESORTS, INC., a corporation,
d/b/a Lodge of the Four Seasons,
Defendant-Respondent.

No. 9954.

Missouri Court of Appeals,
Springfield District.

Oct. 28, 1976.

Morgan M. Moulder, Camdenton, for plaintiffs-appellants.

Charles E. McElyea, Ronald K. Carpenter, Phillips & McElyea Corp., Camdenton, for defendant-respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

On June 2, 1972, plaintiff William A. Wilder fell on a stairway leading into the ballroom of the Lodge of the Four Seasons, a hotel operated by defendant. From May 31, 1972, to June 4, 1972, William was a registered and paying guest of the hotel.

In Count I of the petition William sought damages for personal injuries he allegedly sustained in the incident. In Count II his wife Cornelia asserted her claim for loss of his services. The jury returned a verdict in favor of defendant on both counts. Plaintiffs appeal.

Plaintiffs' contention is that the trial court erred in refusing to give Instruction A offered by William. The pattern for Instruction A was MAI 22.05 ("Verdict Directing–Tenant Injured on Premises Reserved for Common Use") and was a verdict-directing instruction for William. The verdict-directing instruction actually given by the court, and tendered by defendant, was Instruction 3, which conformed to MAI 22.03 ("Verdict Directing–Invitee Injured").

Plaintiffs also contend that the giving of Instruction 3 was error.

Paragraph First of Instruction 3 hypothesized the conditions which made the stairs not reasonably safe. Paragraph Second of Instruction 3 reads: "Second, Plaintiff did not know and by using ordinary care could not have known of this condition, and". The Third, Fourth and Fifth paragraphs of Instruction 3 followed MAI 22.03.

The vital difference between given Instruction 3 and refused Instruction A is that the latter did not contain the language found in Paragraph Second of Instruction 3. Put otherwise, the refused instruction did *not* require the jury to find that William "did not know and by using ordinary care could not have known of" the condition described in Paragraph First.

William argues that the relationship of innkeeper-paying guest, which defendant bore to William, is not "a normal invitor-invitee case" and that MAI 22.03, prescribed for use in the invitor-invitee situation, was inapplicable. He asserts that he was entitled to use MAI 22.05 which does not contain a requirement that the jury find that the injured person lacked actual and constructive knowledge of the dangerous condition.

The action of the trial court in refusing to give Instruction A and in giving, in its stead, Instruction 3, was tantamount to a holding that a hotel guest, injured by reason of a defective condition on a portion of the hotel premises properly accessible to him, must prove, as an element of his cause of action, that he lacked actual and constructive knowledge of the existence of the defective condition. This holding is contrary to language in the following cases: *Burnison v. Souders,* 225 Mo.App. 1159, 35 S.W.2d 619 (1931); *Cumming v. Allied Hotel Corporation,* 144 S.W.2d 177 (Mo.App. 1940); *Shute v. Prom Motor Hotel, Inc.,* 446 S.W.2d 137 (Mo.App.1969). *Burnison* and *Shute* are decisions of the Kansas City Court of Appeals and *Cumming* is a decision of the St. Louis Court of Appeals.

In *Burnison* the plaintiff sued the hotel operators for injuries she sustained when descending a stairway leading into the lobby. The defendants claimed that plaintiff failed to make a submissible case because she knew of the defect which caused her fall. The court considered the relationship between defendants and plaintiff to be that of innkeeper-guest. It drew a distinction between the liability of an innkeeper to his guest and the liability of an owner or occupier of land to his business invitee. It held that the relationship of innkeeper-guest was "something more" than that existing between owner-business invitee.

At 35 S.W.2d p. 623 the court said:

"There is quite a difference between the situation existing between a merchant and his customer and an innkeeper and his guest. In the former case the invitee comes upon and uses the merchant's premises for a purpose mutually advantageous to each and no consideration is paid by the invitee for the use of the premises as in an innkeeper's case. When one goes to a hotel the very thing he bargains for is the use of safe premises. While the landlord is not an insurer, under such circumstances, the law protects the guest from the carelessness of his landlord *even where the defect in the premises is known, or is obvious to the guest so long as the guest uses ordinary care."* (Emphasis added)

On the same page the court said:

"The difference between the innkeeper cases and those relied upon by the defendant is this: In the case of an innkeeper, if the defect is known or is an obvious one, then it is a question of contributory negligence on the part of the guest, whereas, in the cases relied upon by the defendants, if the defect is known or is an obvious one, the proprietor is not liable, regardless of whether or not the invitee is negligent. In other words, if the proprietor has no superior knowledge of the defect but the same is known or is obvious to the invitee, then the proprietor owes the invitee no duty in reference to the matter."

■ The court, in *Burnison,* treated plaintiff as a hotel guest, and not as a

tenant, although plaintiff had been staying there nine months.[1]

The *Martin* case, cited in Footnote 1, holds that the legal position of a hotel guest is superior to that of a tenant with respect to injuries caused by a defective condition in the portion of the premises rented. Would it not be anomalous if the law accorded the hotel guest a legal position inferior to that of a tenant with respect to injuries caused by a defective condition on the portion reserved for common use?

In *Cumming* the plaintiff, a paying guest, sustained injuries by reason of a defective condition in a hotel room. The court said that the relationship between defendant and plaintiff was that of innkeeper-guest. The court drew a distinction between the basis of an innkeeper's liability for injuries to his guest and the basis of a merchant's liability for injuries to his customer. The court said at 144 S.W.2d p. 181:

"There are many reasons for applying the rule of ordinary care in a different manner and with a different meaning in such cases, one of the main reasons being that in the case of the landowner or merchant nothing is paid by the invitee for the privilege of entering the premises, and he may as freely leave as he came and carry with him his belongings, but not so with the guest at the hotel, who has paid the price demanded for the very purpose of securing proper accommodations in the way of food or lodging, and for safety, comfort and repose. If that price is not paid in advance the hotel has a lien on the guest's belongings for its pay. The public inn or hotel might well be termed a quasi-public institution. Not only must it procure a license from the State to operate, but the conduct of its business is strictly regulated by statutory law, with a view that the traveler who becomes its guest shall have comfort, sanitation and safety.

"And so while the basis of liability of the innkeeper for injuries to the guest may be on the same general principle that creates liability on the part of the merchant for injuries received by an invited customer, yet, the merchant cases and other cases involving the principle of invitation and license are not parallel with a case of innkeeper and guest.

.    .    .    .    .

"The general rule is that the owner of property is liable for injuries resulting from defects or conditions known to the owner and not known to the invitee or licensee, but that rule should not be applied in strictness where the relationship of innkeeper and guest exists, .   .   . We are wholeheartedly in accord with the reasoning of the Kansas City Court of Appeals in [*Burnison*] and with the conclusion therein drawn that when one goes to a hotel the very thing he bargains for is the use of safe premises, and while the landlord is not an insurer, under such circumstances, the law protects the guest from carelessness of his landlord *even where the defect in the premises is known, or is obvious to the guest, so long as the guest uses ordinary care.*" (Emphasis added)

In *Shute* the plaintiff, a paying guest, sustained injuries by reason of a defective condition (improper lighting) of a stairway leading to the lobby of the defendant hotel. After mentioning § 315.120 V.A.M.S.,[2] and citing *Burnison* and *Cumming,* with approv-

---

1. Under modern practice a *tenant,* injured on a portion of the premises *reserved to the landlord,* would be entitled to use MAI 22.05, a result consistent with *Burnison* had the plaintiff there been a tenant. MAI 22.05 applies *only* to injuries occurring on the portion reserved by the landlord for common use.

  See *Martin v. Shryock Realty Co.,* 236 Mo. App. 1265, 163 S.W.2d 804 (1942) discussing the distinction between the duty owed by a landlord to his tenant and the duty owed by an innkeeper to his guest with respect to injuries caused by defective condition in *the portion of the premises rented.* See also *Marden v. Radford,* 229 Mo.App. 789, 84 S.W.2d 947 (1935).

  "Whatever else may be involved in the status of a 'guest', the term contemplates a transient whose stay is temporary." *Jackson v. Engert,* 453 S.W.2d 615, 618 (Mo.App.1970). "The relationship of an innkeeper and guest terminates where a guest ceases to be, or abandons his status as a transient, and this may be effected by taking up a permanent abode in the inn." 40 Am.Jur.2d 918, Hotels, Motels, Etc., § 26.

2. Section 315.120 reads in part: "Every hotel in this state shall be properly plumbed, lighted,

al, the court, at 446 S.W.2d p. 140, in a rather clear reference to the innkeeper-guest situation, said:

"While the landlord is not an insurer, the law protects the guest from the carelessness of his landlord *even where the defect in the premises is known or is obvious to the guest, so long as the latter uses ordinary care for his own safety.*" (Emphasis added)

Defendant's contention is that William, although a registered[3] and paying guest, was merely its invitee and that MAI 22.03 was the appropriate verdict director. Defendant, however, cites no authority for its contention. Tending to support defendant's position is *Milliken v. Trianon Hotel Company,* 364 S.W.2d 71, Mo.App., a decision of the Kansas City Court of Appeals in 1962.

In *Milliken* the plaintiff, a social guest of a paying guest, sued the hotel operators for injuries she sustained when descending a stairway leading into the lobby. Plaintiff obtained a verdict but the trial court granted a new trial on the ground of defects in plaintiff's verdict directing instruction, Instruction Number One.

The appellate court, in agreeing with the trial court, referred to the plaintiff as an "invitee" and relied upon authorities[4] dealing with the liability of a merchant to his customer. At 364 S.W.2d p. 74 the court said:

"Plaintiff in Instruction Number One overstated and incorrectly stated the extent of defendant's duty by *failing* to note it required defendant, as to unsafe premises and conditions actually or constructively known to defendant, to warn plaintiff *only of those dangers that are not known and would not be known to one exercising ordinary care*—for example, of dangers that are not open and obvious to an invitee using the premises. The partial and incorrect statement of the duty in the instruction is

of such a nature as to mislead a jury and to cause it to believe defendant's duty is greater than it is." (Emphasis added)

.    .    .    .    .

"Lack of actual or constructive notice of the dangerous condition is an essential element of a business invitee's right to recover .    .    .."

The court also pointed out that the error in the instruction was not cured by reference to another instruction on contributory negligence. On p. 75 it stated:

"[A] fact necessary to plaintiff's case is one on which plaintiff has the burden of proof, and plaintiff must carry and satisfy that burden. The omissions in the verdict finding instruction do not go merely to the defense of contributory negligence. They are essential elements of plaintiff's case. To say a fact essential tó a plaintiff's cause but omitted from his verdict directing instruction is supplied by reference to a contributory negligence instruction would have the unsound effect of shifting the burden of proof as to that fact."

Thus *Milliken* is support for the proposition that the difference between given Instruction 3 and refused Instruction A, described in the fifth paragraph of this opinion, is significant and that error arising from the giving of the wrong instruction or the refusing of the right instruction is prejudicial. See also *Gorman v. St. Louis-San Francisco Railroad Company,* 427 S.W.2d 390, 394 (Mo.1968).

In *Milliken* the court made no reference to the decisions in *Burnison* or *Cumming. Shute,* of course, was decided after *Milliken* by the same court, but *Shute* made no reference to *Milliken.*

■ It is true that in *Milliken* the plaintiff herself was not a paying guest but was the social guest of the paying guest. How-

and ventilated, and shall be conducted in every department with strict regard to health, comfort and safety of the guests  .   .  .."

**3.** For language minimizing the significance of the fact of registration as bearing upon status as a hotel guest see 40 Am.Jur.2d Hotels, Motels, Etc. § 20, p. 914.

**4.** *Stafford v. Fred Wolferman,* 307 S.W.2d 468 (Mo.1957); *Wattels v. Marre,* 303 S.W.2d 9 (Mo.1957); *Wilkins v. Allied Stores of Missouri,* 308 S.W.2d 623 (Mo.1958) and others.

ever, that factual distinction is of doubtful legal significance. In 58 A.L.R.2d 1201 ("Duty and liability of an innkeeper to visitor or caller of registered guest") at p. 1203 are cited decisions of seven other jurisdictions to the effect that "the same standard of care which is owed to the registered guest" is owed to the social guest of the latter. Similarly, in Missouri, the social guest of a tenant enjoys the same legal status as is accorded his host in establishing tort liability on the part of the landlord for a defective condition in the premises. *Burks v. Buckmiller,* 349 S.W.2d 409, 411[3] (Mo.App.1961); *Darlington v. Railway Exchange Building,* 353 Mo. 569, 183 S.W.2d 101, 105[2] (1944).

The briefs of the parties do not cite any opinion of our supreme court on the point under discussion and the research of this court has not led to such.[5] Some foreign authorities hold that the degree of care to which a hotel guest is entitled is the same as that due business invitees. *Phillips Petroleum Company of Bartlesville, Okl. v. Dorn,* 292 So.2d 429 (Fla.App.1974); *Buck v. Del City Apartments, Inc.,* 431 P.2d 360 (Okl.1967); *Rocoff v. Lancella,* 145 Ind.App. 440, 251 N.E.2d 582 (1969); *Goldman v. Hollywood Beach Hotel Company,* 244 F.2d 413 (C.A.Fla.1957). On the other hand the rationale of *Burnison, Cumming* and *Shute,* all supra, by which a hotel guest is accorded a higher status than that of the business invitee finds support in *Dunlap v. Executive Inn Motor Hotel Corp.,* 404 S.W.2d 842 (Tex.Civ.App.1966).

The author of an annotation in 32 A.L.R.3d 508, 514 (Premises Liability—Claimant's Status) refers to a trend of recent cases toward rejection of the traditional rules as to the variant degrees of care owed invitees, licensees and trespassers, and accordingly of the necessity for such a classification, and adoption of a general rule that the land owner must exercise reasonable care under all the circumstances, the status of the injured person possibly having some bearing, in the light of the facts giving rise to such status, on the land owner's liability, but not being determinative.

The cases evincing such a trend might find substance in the argument that a hotel guest should be treated as a business invitee and not as a member of an additional classification. Even with respect to business invitees, there is a movement to eliminate, as an element of plaintiff's cause of action, his lack of actual or constructive knowledge of the dangerous condition which caused his injuries.[6]

In Missouri, an injured person's status as a tenant, rather than as a business invitee, remains significant as evidenced by the committee's comment under MAI 22.05 to this effect: "Landlord's liability is distinguished from that existing in a normal invitor-invitee case in that landlord is subject to liability, 'irrespective of whether the lessee or those upon the land in his right know or do not know of the dangerous condition.' Restatement, Torts § 360, comment a." MAI p. 199.

5. In *Burrell v. Mayfair-Lennox Hotels, Inc.,* 442 S.W.2d 47 (Mo.1969) plaintiff, a paying guest of a hotel, fell on the steps leading from the lobby to the dining room. The plaintiff's verdict director included the language contained in Paragraph Second of Instruction 3 given in the case at bar and quoted in the fourth paragraph of this opinion. In *Burrell,* p. 53, the court referred to the verdict director and said "It probably comes closer to MAI 22.03 than to any other," but did not discuss the point under consideration here.

6. "Thus, while the traditional rule, as stated in Restatement, Torts (1943) § 340, absolves a possessor of land of liability to his licensees, whether business visitors or gratuitous licen-

sees, for harm caused by dangerous conditions thereon of which the injured person knew and realized the risk, the modern rule, as stated in the Restatement, Torts 2d § 343A(1), and followed by some of the courts, qualifies the traditional rule by making the possessor liable to his invitees where he should anticipate the harm despite the invitee's knowledge or the obviousness of the danger." 32 A.L.R.3d 508, 514.

See *Hokanson v. Joplin Rendering Company, Inc.,* 509 S.W.2d 107, 110 (Mo.1974), a business invitee case, where § 343A(1) is set out and said to contain, with § 343 of the Restatement of the Law of Torts 2d, "the applicable rules governing this case." But *Stafford* and *Wilkins,* cited in Footnote 4, are also cited there.

This court believes that the holdings of *Burnison, Cumming,* and *Shute* remain sound. Missouri law relieves a tenant, entitled to submit his claim under MAI 22.05, from the burden of proving, as an element of his cause of action, that he lacked actual and constructive knowledge of the dangerous condition. No valid reason appears for not relieving a hotel guest from the same burden.

Defendant does not contend that the other portions of refused Instruction A contained any imperfection which justified the refusal. Whether they did contain any imperfection need not be considered because the action of the court in giving Instruction 3, at the request of the defendant, constituted reversible error. Defendant does not question the submissibility of plaintiff's case.

The briefs of the parties which exchange views pertinent to other instruction errors, or claimed errors, should be taken into consideration by them in the event of retrial. They receive no discussion here because they may not arise again in view of the disposition of plaintiff's principal contention. Counsel will of course keep in mind that deviating from MAI, even slightly, is fraught with peril.

The judgment is reversed and the cause remanded.

All concur.