Ronnie WILLIAMS, Appellant,

v.

M. C. SLATER, INC., Respondent.

No. 40529.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 1979.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Nov. 16, 1979.

**358**

Raymond Howard, Howard, Singer & Meehan, St. Louis, for appellant.

Donald L. James, St. Louis, for respondent.

REINHARD, Presiding Judge.

Plaintiff appeals from a judgment entered by the Circuit Court on a jury verdict favoring defendant. His claim for damages arose out of a collision between his automobile and a truck driven by defendant's driver, Marvin Moore.

On appeal plaintiff's one contention of error is that the court should have given his tendered instruction on failure to keep a careful lookout.

The accident occurred at the intersection of north Broadway and South Calvary in the City of St. Louis. North Broadway is a two-way street with two northbound and two southbound lanes. South Calvary intersects with north Broadway from the west before it dead-ends, thus forming a "T-intersection". At the time of the accident there were no traffic control signs or signals in either direction on north Broadway. According to the plaintiff, on north Broadway the center line lies approximately 44 to 45 feet from the west curb.

On January 23, 1976 at approximately midnight, Marvin Moore drove defendant's fifty-five foot tractor-trailer south in the curb lane of north Broadway. The truck contained skidded coil and wire and weighed over 40,000 pounds.

Plaintiff contends he was traveling north on Broadway in the lane nearest the center line. He testified that upon reaching the intersection of South Calvary, he stopped, turned on his left turn signal and began to turn left. At that moment he saw defendant's truck approximately eight car lengths away. For his calculation, plaintiff estimated a car length to be fifteen feet. Plaintiff testified that defendant's truck was traveling south at approximately 25 to 30 miles per hour in the curb lane. Plaintiff saw no other traffic in the southbound lanes. When plaintiff began his left turn he was traveling about 3 to 4 miles per hour. However, he accelerated to 15 to 20 miles per hour just prior to the collision, thereby attaining his highest speed after reaching the curb lane. Plaintiff testified that the truck did not slow down but in fact increased its speed to in excess of thirty miles per hour just prior to the collision. The truck struck plaintiff's vehicle near the rear bumper on the passenger side. At the time of the collision, the front half of plaintiff's vehicle had reached South Calvary and the rear half was in the curb lane of north Broadway. According to plaintiff, the truck came to a stop when the rear of the truck reached a point fifteen feet south of South Calvary Street. The collision occurred approximately four seconds after plaintiff began to turn.

Moore testified he was traveling south in the curb lane of north Broadway when he saw plaintiff's headlights. Moore first noticed the plaintiff when the plaintiff began to turn and come into his lane. At that time, he was traveling 25 to 30 miles per hour. Moore estimated that plaintiff was about six car lengths from him. From the time Moore first saw plaintiff until the time of the collision nothing blocked his view. Moore testified that he could not swerve at the time of plaintiff's turning because a car was passing his rig on the left. He immediately applied his brakes and swerved as soon as the car passed.

The collision occurred in the curb lane. Moore testified that there "wasn't much impact. My bumper struck the right rear of his bumper" and that his speed was reduced "just about to the point of stopping."

Plaintiff tendered an instruction on failure to keep a careful lookout which

the trial court refused. An instruction on the alleged negligent failure to keep a careful lookout must not be submitted to a jury "unless there is substantial evidence from which the jury could find that in the exercise of the highest degree of care, the allegedly negligent party, had he kept a careful lookout, could have seen the other vehicle in time thereafter to have taken precautionary action." *Hill v. Barton*, 579 S.W.2d 121, 128 (Mo.App.1979). The submission of a lookout instruction is the failure to see and the failure to take action to avoid injury by any means supported by the evidence. *Bunch v. McMillian*, 568 S.W.2d 809, 811 (Mo.App.1978). "Having the means and ability to avoid a collision means not only the mechanical appliances . . . but also the existence of sufficient time and distance, considering the movements and speeds of the vehicles, to enable the party charged [with negligence] to take effective action in avoidance." *Zalle v. Underwood*, 372 S.W.2d 98, 102 (Mo.1963). A driver's duty to take evasive action arises only when the potential danger becomes actually or constructively apparent. *Robinson v. Gerber*, 454 S.W.2d 933, 936 (Mo.App.1970).

With these principles in mind and after reviewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff, giving him the benefit of any uncontradicted favorable part of defendant's evidence, *Williams v. Christian*, 520 S.W.2d 139, 141 (Mo.App.1974), we find substantial evidence supports the submission of a lookout instruction.

Defendant contends that plaintiff introduced no evidence of stopping distances under the circumstances, nor did he attempt to prove that defendant had the necessary physical means to stop or swerve the vehicle.

■ Plaintiff can make a submissible case on defendant's failure to keep a careful lookout by circumstantial evidence. It is sufficient to show that defendant motorist *reasonably* could have seen danger of collision with plaintiff in time to have taken evasive action, *Watterson v. Portas*, 466 S.W.2d 129, 131 (Mo.App.1971). Defendant is correct in his claim that plaintiff did not produce any evidence of ability of the truck to stop, slow or swerve. However, plaintiff can rely on defendant's evidence.

■ We believe defendant's testimony supplies some of the deficiencies of which defendant complains. Plaintiff's evidence as to the exact location of his vehicle at the time he began his turn and entered the southbound lanes is not before us. (Plaintiff marked this location with an x on the blackboard). According to Moore plaintiff was at least 90 feet (6 car lengths) from the truck when he began the turn and entered Moore's lane. Plaintiff's evidence showed a distance of 120 feet between the vehicles when he began his turn. The testimony of both parties reveals that the truck hit plaintiff at the very rear of his automobile. At the time of the accident, the automobile was already one half off of north Broadway. Only seven and one half feet of the car remained on Broadway. A slight swerve or slight reduction in speed would have prevented the accident. Moore did not initially swerve, claiming not that he was unable to do so mechanically but that another vehicle prevented this action. Plaintiff saw no vehicle on Moore's left.

■ Moore's testimony that he was looking carefully and saw plaintiff's vehicle as he began his turn did not preclude the giving of a lookout instruction. A jury could disbelieve his testimony that he was looking carefully and conclude otherwise by reasonable inferences from the evidence. A jury could also reasonably believe that no vehicle was on Moore's left and that an earlier swerve could well have prevented the collision. See *Watterson v. Portas, supra*. The evidence merits submitting a lookout instruction and failure to do so was error.

■ Defendant contends that if in fact there was error such error was harmless because the court submitted a failure to swerve instruction permitting the jury to believe or disbelieve defendant's ability to swerve and thereby avoid the collision. Thus, even if the trial court would have given the lookout instruction, the outcome

would not have been changed. The plaintiff is entitled to a verdict direction instruction on his theory of the case if it is supported by the evidence. *Certa v. Associated Bldg. Center, Inc.*, 560 S.W.2d 593, 596 (Mo. App.1979). The plaintiff tendered a proper lookout instruction which was supported by the evidence. We cannot say the court's refusal to submit that instruction to the jury was harmless.

Judgment reversed and remanded.

GUNN and CRIST, JJ., concur.