Winona BLACKSHIERS,
Plaintiff/Respondent,

v.

Darryl HARRIS and Thorn Americas, Inc., formerly Rent A Center, Inc., Defendants/Appellants.

No. 73659.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 17, 1998.

---

Brown & James, P.C., James E. Whaley, James B. James, St. Louis, for appellant.

Banks & Associates, Dana M. Walker, Richard E. Banks, St. Louis, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

This is an appeal from a judgment awarding Blackshiers (Pedestrian) damages for injuries sustained on 12 October 1992 when she was struck by a Rent–A–Center delivery van driven by Darryl Harris (Driver). Driver contends that the trial court's judgment in favor of Pedestrian should be set aside and remanded for a new trial because the court erred in submitting Pedestrian's verdict directing Instruction Number 6[1] because the instruction submits two assignments of negligence in the disjunctive; and the failure to keep a careful lookout instruction is not supported by the evidence in that there is no evidence that Driver saw Pedestrian prior to the impact or that there was any evasive actions he could take to avoid her even if the jury believed he could or should have seen her; and each element of a disjunctive submission must be supported by substantial evidence.[2]

For Instruction Number 6 to be proper, there must be sufficient evidence that Driver failed to keep a careful lookout and that he violated a traffic signal. Driver concedes there was sufficient evidence regarding the traffic signal violation, so we only review the evidence regarding a careful lookout. We view the evidence and inferences in the light most favorable to the submission and disregard all contrary evidence and inferences. *Morgan v. Toomey*, 719 S.W.2d 129, 131 (Mo. App. E.D.1986). When viewed in this light, we must decide whether Pedestrian's theories of Driver's negligence are more probable than not. *Id.*

■■■ When operating a motor vehicle, every motorist must exercise the highest duty of care to maintain a careful lookout ahead and laterally upon entering an intersection. *Witt v. Peterson*, 310 S.W.2d 857, 860 (Mo.1958). This broad duty includes not only other vehicular traffic, but encompasses people and objects on the road and the awareness of dangerous conditions and situations. *Cypret v. Templeton*, 912 S.W.2d 630, 632 (Mo.App. E.D.1995). A careful lookout instruction is based on the evidence that the driver saw or could have seen the plaintiff in time to have avoided the collision. *Witt*, 310 S.W.2d at 860.

This court held in *Toomey* that in a usual lookout case, the plaintiff must demonstrate the time and distance when the danger of a potential accident triggers the specific duty to take effective precautionary action. *Id.* at 135. However, the court abrogated these requirements in specific fact situations in *McWilliams v. Wright*, 460 S.W.2d 699 (Mo. 1970) and *Williams v. Christian*, 520 S.W.2d 139 (Mo.App.K.C.Dist.1974). The drivers in those cases were liable for their actions from

---

1. Jury Instruction Number 6 was submitted as follows:

   In your verdict you must assess a percentage of fault to Defendants Darryl Harris and Rent–A–Center, whether or not Plaintiff Winona Blackshiers was partly at fault, if you believe:
   First, either Defendant failed to keep a careful lookout, or Defendant violated a traffic signal, and
   Second, Defendants in any one or more of the respects submitted in paragraph First was thereby negligent, and

   Third, such negligence directly caused or directly contributed to cause damage to Plaintiff.
   In assessing any such percentage of fault against Darryl Harris and Rent–A–Center, you must consider them both as one party and assess only the fault of Darryl Harris as the fault of both.

2. We recommend that the attorneys review the discussion in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978) to assist them in drafting points relied on.

the location where it was possible to see the plaintiffs and, thereby, they created danger by acting as they did rather than being liable for the failure to act after danger should have been realized.

■ In review of the facts most favorable to Pedestrian and the lookout instruction, we find that: On direct examination Pedestrian, who was selling candied apples for a charitable organization, testified she sold an apple to a passenger on a school bus. As Pedestrian disembarked, the school bus stopped to let her cross the street in front of the bus from the western side of Riverview Avenue. She testified prior to her walking in front of the bus that she looked to the left and did not see the van approaching. Immediately thereafter, she was struck on Riverview by the southbound van. Pedestrian later testified that she did not see the van until it hit her.

Driver testified that he was travelling south on Riverview at a speed of 25 to 30 miles per hour in the middle lane of the three lanes. His view of the traffic light was unobstructed, and he never varied his rate of speed of 25 to 30 miles per hour. There was a parking lane to his right and two driving lanes. As he approached the intersection, he observed a bus make a left hand turn off of northbound Riverview onto westbound Switzer and clear the intersection. There was a car in the curb lane that was in front of Driver; "it swerved[3] and stopped in the curb lane possibly to purchase an apple just prior to Driver striking Pedestrian." Pedestrian came from the western curb. Driver first noticed Pedestrian when the right front hood and light of the van struck her.

Driver improperly relies on a series of three cases[4] defining a driver's need to have time to take precautionary actions after seeing the potential danger. He claims that since Pedestrian did not present evidence regarding the speed of the van, its distance from the intersection when she entered the street, or if there were other vehicles in the area, it was error to submit a careful lookout instruction because it was unclear whether Driver could have effectively avoided the collision.

As this Court said in *Toomey,* there is a need for evidential support of the lookout instruction, even though the need to show time and distance was eliminated by the opinions in *McWilliams* and *Williams* in their *respective fact situations.* The *McWilliams* and *Williams* courts did not, however, completely eliminate the necessity of showing time and distance in "lookout submissions." In each case the court carefully determined where the defendant could first have seen the plaintiff.

Pedestrian relies on *Williams v. M.C. Slater, Inc.,* 590 S.W.2d 357 (Mo.App. E.D.1979). There was substantial evidence in *M.C. Slater, Inc.* of distance for the truck driver to have seen the plaintiff. Additionally, the evidence of a distance of six car lengths was sufficient to warrant the submission of the careful lookout instruction for a jury determination in *Cypret,* 912 S.W.2d at 630.

Viewing the evidence in the light most favorable to Pedestrian, we find that there was not substantial evidence to support the lookout instruction.

Reverse and remand for a new trial.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.

---

**3.** Both briefs assert this vehicle swerved and honked its horn to avoid hitting Pedestrian. However, we scoured the transcript and were unable to find any testimony that the vehicle sounded a warning.

**4.** We urge attorneys to properly cite cases in the submission of their briefs.