**494**

Jonathan Roy STAFFORD, Appellant,

v.

DRURY INNS, INC., Respondent.

No. ED 84555.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 15, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 2005.

Naren Chaganti, Town and Country, MO, for Appellant.

Robbye Hill Toft, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Jonathan Roy Stafford (Stafford) appeals from the trial court's grant of summary judgment in favor of Drury Inns, Inc. (Drury) on Stafford's petition for negligence and premises liability. Stafford contends the trial court erred in granting summary judgment in favor of Drury. Because we find as a matter of law Drury was not entitled to summary judgment, we reverse and remand.

Stafford was a guest at Drury Inn— Convention Center, located in the City of St. Louis's downtown area. The hotel is owned by Drury. Stafford was in his hotel room alone when there was a knock at the door. Stafford opened the door and two men came into the room, hit Stafford in the head with a bottle leaving him unconscious, stabbed Stafford several times, and robbed Stafford of money and possessions. A member of Drury's housekeeping staff found Stafford and immediately sought medical assistance for Stafford.

Stafford filed a petition against Drury alleging negligence by an innkeeper. Stafford stated that, at the time of the incident, Stafford had a special relationship with Drury as an innkeeper and should have, in the exercise of ordinary care, prevented harm to Stafford's person and property. Stafford alleged Drury was negligent in ensuring the safety of its guests on the premises. Stafford asserted Drury failed to warn him of danger, failed to install appropriate security devices, failed to ensure that security devices were functional and operational, and recklessly disregarded the safety of its guests.

Drury filed a motion for summary judgment stating there were no issues of material fact, and Drury was entitled to judgment as a matter of law. In its motion,

Drury asserted that it had no "duty to rescue" a guest within a hotel room until it became aware of a situation requiring immediate action in order to prevent injury. Drury attached a statement of uncontroverted facts citing Stafford's deposition testimony that he voluntarily admitted the two assailants into his room, he knew the assailants, that he did not remember a peephole in the door, but stated he probably would not have looked through a peephole, and that he talked to the two assailants for five to ten minutes before the attack.

Stafford opposed Drury's motion for summary judgment on the grounds that the "duty to rescue" did not apply to his situation. Stafford also alleged Drury failed to provide a safe place and did not have the proper security devices or that such devices were not functioning, including the key-card system in the elevator and security cameras. Stafford further asserted that under the special circumstances test, Drury owed him a duty because the neighborhood was dangerous and therefore, criminal acts by third persons were foreseeable. Stafford also attached his affidavit re-stating his account of the facts. Subsequently, Stafford filed a cross-motion for partial summary judgment on the issue of liability.[1]

Thereafter, the trial court granted Drury's motion and entered summary judgment in Drury's favor finding Drury did not have a duty to rescue Stafford under the special relationship test. Stafford now appeals.

Appellate review of a trial court's grant of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will

---

1. This motion and the materials filed in support of and in opposition to it are not before us.

review the record in the light most favorable to the party against whom judgment was entered. *Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The propriety of summary judgment is purely an issue of law. *Id.* The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question. *Id.* at 380.

A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) undisputed facts that negate any one of the elements of the claimant's cause of action; (2) the non-movant, after an adequate period of discovery, has not produced and would not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

We address Stafford's second point because it is dispositive. In his second point, Stafford contends the trial court erred in granting summary judgment in favor of Drury by finding no "duty to rescue." Stafford maintains the duty of an innkeeper is broader than a "duty to rescue." We agree and find that the duty of an innkeeper is broader than a duty to rescue and Drury, in its motion for summary judgment, failed to negate the duty element of Stafford's negligence claim.

■ To show negligence, the plaintiff must prove the following elements: (1) a duty by the defendant to protect the plaintiff from injury; (2) the failure of the defendant to execute that duty; and (3) the defendant's failure to execute that duty resulted in an injury to the plaintiff. *Groce v. Kansas City Spirit, Inc.*, 925

S.W.2d 880, 884 (Mo.App. W.D.1996) (overruled on other grounds by *Richardson v. QuikTrip Corp.*, 81 S.W.3d 54, 63 (Mo.App. W.D.2002)).

■ Businesses, generally, do not owe a duty to protect their invitees from criminal activity. *Groce*, 925 S.W.2d at 884. However, there are two exceptions to this rule: the "special relationship" test and the "special circumstances" test. *Id.* While the special circumstances exception deals with the foreseeability of crimes based on past incidents to create a duty of care, the special relationship exception creates a duty based solely on the positions of the parties. *Id.* The law imposes liability when a special relationship between the business and the invitee exists such that the plaintiff entrusts him or herself to the protection of the defendant and relies upon the defendant to provide a place of safety. *Id.* The relationship between an innkeeper and its guests imposes affirmative duties upon the innkeeper in the protection of persons and property. *Virginia D. v. Madesco Inv. Corp.*, 648 S.W.2d 881, 885 (Mo. banc 1983).

■ Here, both parties agree there was a special relationship, that of an innkeeper and guest. Therefore, during the period of time in which Stafford was a guest at the hotel, a special relationship was created and Drury had a duty to Stafford. This duty is one of reasonable care under the circumstances and is imposed as a matter of law. *Id.* at 887.

In its motion for summary judgment, Drury argued it was entitled to summary judgment because Drury had no duty to rescue a guest within a hotel room until such time that the innkeeper's personnel become aware of a situation that requires immediate action in order to prevent injury. To support its argument, Drury cited *M.C. v. Yeargin*, 11 S.W.3d 604 (Mo.App. E.D.1999).

In *Yeargin*, the plaintiff, a guest of the hotel, was attempting to leave her room when the assailant pushed her back into her room where he raped her. *Id.* at 609–10. The plaintiff struggled with her attacker, causing a commotion, which prompted a guest in the room next door to call hotel security. *Id.* at 609. The security officers approached the door of the plaintiff's room and heard threatening comments and decided not to intervene. *Id.* The security officers instead called for police assistance. *Id.* The security officers observed the assailant exit the plaintiff's room, enter the elevator, and casually walk out of the hotel while holding a washcloth to his bleeding face. *Id.*

In *Yeargin*, the court found that the duty to take immediate action to rescue did not apply where no hotel employee saw the assailant push the plaintiff into her room. *Id.* at 613. The court stated:

If hotel staff observe a person enter a hotel room, there is no need for them to act without a corresponding observation of a criminal activity. However, just because we find [the hotel] did not have the duty to rescue as a matter of law, this finding does not absolve it for its underlying duty as an innkeeper. When the circumstances became apparent to the security guards there was some sort of activity from which Plaintiff needed [the hotel's] assistance, at that point [the hotel] was required to take immediate action.

*Id.*

In relying on *Yeargin*, Drury's argument stops there. However, the *Yeargin* court went further and analyzed the plaintiff's negligence claim under the underlying duty as an innkeeper and found that the jury could properly determine whether the hotel breached its general duty and whether that breach resulted in the plaintiff's damages. *Id.* at 613–14.

■ Here, we agree that under *Yeargin* Drury may not have had a duty to rescue Stafford within his hotel when no employee saw the two assailants enter his room and Stafford did not yell for help. However, even though Drury may not have had a duty to rescue, that does not absolve Drury of its underlying duty of care as an innkeeper to make the premises safe. Drury has not alleged any undisputed facts that negate Stafford's claim that Drury had a general duty as an innkeeper to provide a place of safety. In his petition, Stafford alleged Drury failed to provide a safe place and did not provide the proper security measures or ensure that security devices within the hotel were functional and operational. The facts alleged in support of Drury's motion, that Stafford voluntarily let the assailants into his room, recognized the assailants from an encounter earlier in the day, and talked for five or ten minutes before the assault, do not negate Drury's duty to provide a safe place and resolve whether Drury was negligent in failing to provide the proper security measures within the hotel. The facts put forth by Drury seem to go to the issue of proximate cause, which is generally a question for a jury. *Yeargin*, 11 S.W.3d at 613. Although *Yeargin* suggests that a court may decide the question of proximate cause when the evidence reveals the existence of an intervening cause that eclipses the role the defendant's conduct played in the plaintiff's injury, *Id.*, Drury's motion for summary judgment did not seek relief on the ground of an intervening cause. Drury failed to negate an essential element of Stafford's negligence claim. Thus, Drury was not entitled to judgment as a matter of law, and the trial court's grant of summary judgment must be reversed.

We need not address Stafford's remaining points. The trial court's grant of sum-

mary judgment is reversed and the case is remanded for further proceedings.

PATRICIA L. COHEN, P.J. and KATHIANNE KNAUP CRANE, J., concur.