Kimberly WILSON, Appellant,

v.

KAL MOTEL, INC., Respondent.

WD 79605

Missouri Court of Appeals, Western District.

Opinion filed: July 25, 2017

Antwaun L. Smith, St. Joseph, for Appellant.

John L. Kellogg, Kansas City, for Respondent.

Justin Ukadike Ijei, Co-counsel for Respondent

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor C. Howard, Judge and Cynthia L. Martin, Judge

VICTOR C. HOWARD, JUDGE

Kimberly Wilson appeals from the judgment in favor of the defendant, KAL Motel, Inc., following a jury trial on her negligence claim against the motel. In her sole point on appeal, she contends that the trial court erred in instructing the jury on the proper standard of care. The judgment is affirmed.

Wilson filed a negligence suit against KAL Motel alleging that while an invitee spending the night on property controlled by the defendant, she was injured when she was bitten by a brown recluse spider and incurred medical expenses, disfigurement, and impairment. Wilson alleged, inter alia, that the defendant failed to implement safety rules for conditions of which it knew or "in the exercise of ordinary care should have known" and "failed to use ordinary care to reduce or eliminate an unreasonable risk of harm created by premises condition which it knew about or in the exercise of ordinary care should have known about."

At trial, the court gave the following verdict directing instruction (No. 6) patterned after MAI 22.05 (Tenant Injured on Premises Reserved for Common Use):

Your verdict must be for plaintiff if you believe:

First, there were brown recluse spiders in the Crown Lodge Motel rooms and as a result the motel rooms were not reasonably safe, and

Second, defendant knew, or by using ordinary care could have known, of this condition, and

Third, defendant failed to use ordinary care by not performing adequate pest control measures to address brown recluse spiders in the Crown Lodge Motel rooms, and

Fourth, as a direct result of such failure, plaintiff sustained damage.

It also gave Instruction No. 7 patterned after MAI 11.05 (Ordinary Care):

The phrase "ordinary care" as used in these instructions means that degree of care that an ordinarily careful person would use under the same or similar circumstances.

The court refused Wilson's Instruction A, which substituted the phrase "the highest degree of care" for the phrase "ordinary care" in the verdict director. It also refused her Instruction B, patterned after MAI 11.03, defining "highest degree of care:"

The term "negligent" or "negligence" as used in these instructions means the failure to use the highest degree of care. The phrase "highest degree of care" means that degree of care that a very careful person would use under the same or similar circumstances.

The jury returned a verdict in favor of the defendant. This appeal by Wilson followed.

■ In her sole point on appeal, Wilson contends that the trial court erred in instructing the jury on the proper standard of care. She contends that motels are held to the highest degree of care rather than ordinary care for their guests' security and safety.

■ Whether a jury was properly instructed is a question of law reviewed *de novo*. *City of Harrisonville v. McCall Serv. Stations*, 495 S.W.3d 738, 746 (Mo. banc 2016). The party claiming instructional error must establish that the instruction at issue misdirected, mislead, or confused the jury resulting in prejudice. *Id.* A judgment is reversed for an instructional error only if the error resulted in prejudice that materially affected the merits of the action. *Id.*

If a Missouri Approved Instruction (MAI) is applicable in a particular case, it must be given "to the exclusion of any other instruction on the same subject." Rule 70.02(b). "Any deviation from an approved MAI instruction is presumed prejudicial error unless the contrary is shown." *City of Harrisonville*, 495 S.W.3d at 746 (internal quotes and citation omitted). Where an MAI must be modified to fairly submit the issues or where there is no applicable MAI, the instruction given "shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary fact." Rule 70.02(b). If a modified or non-MAI must be used, the instruction must follow the applicable substantive law· and be readily understood by the jury. *Am. Equity Mortg., Inc. v. Vinson*, 371 S.W.3d 62, 64 (Mo. App. E.D. 2012).

Wilson apparently concedes that MAI 22.05 was the proper verdict director in this case only arguing that "highest degree of care" should have been substituted for "ordinary care" in the instruction and that MAI 11.03 (Negligence and the Highest Degree of Care Combined) should have been submitted, which defined negligence as the failure to use the highest degree of care. In making this argument, she relies solely on the case, *Shute v. Prom Motor Hotel, Inc.*, 446 S.W.2d 137 (Mo. App. 1969). *Shute*, however, does not support Wilson's argument. The issue decided in *Shute* was whether the plaintiff made a submissible case in an action against a hotel for injuries sustained when a guest fell down unlighted steps leading to the lobby after a power failure. *Id.* at 140. *Shute* recognized the Restatement (Second) of Torts, section 314A, which provided that certain "special relations," including an innkeeper and guest, give rise to a duty to "take reasonable action" to·protect the other "against unreasonable risk of physical harm." *Id.* at 140 (quoting RESTATEMENT (SECOND) OF TORTS § 314A (AM. LAW INST. 1965)). Then citing *Cumming v. Allied Hotel Corp.*, 144 S.W.2d 177, 181 (Mo. App. 1940), and *Burnison v. Souders*, 35 S.W.2d 619, 623 (Mo. App. 1931), with approval, *Shute* stated that while an innkeeper is not an insurer of a guest's safety, he is·held to the exercise of "a very high degree ·of care therefor." *Id.* It continued, "While the landlord is not an insurer, the law·protects the·guest from·the·carelessness of his landlord even where the defect in the premises is known or is obvious to the guest, so long as the latter uses ordinary care for his own safety." *Id.*

·*Cumming* and *Burnison* involved the distinction between the liability of an innkeeper·to his guest and the liability of an owner or occupier of land to his business invitee. *Cumming*, 144 S.W.2d at 181; *Burnison*, 35 S.W.2d at 623. *Cumming* explained that while the basis of liability· of the innkeeper to a guest is the same as the principle that creates liability on the part of the business owner for injuries of an invitee—the·failure to exercise reasonable or ordinary care—the rule of ordinary care is applied in a different manner and with a different meaning in the cases. *Cumming*, 144 S.W.2d at 181. The hotel guest was, thus, accorded a higher status than that of the business invitee and, unlike the business invitee, was not required to prove, as an element of his cause of action, his lack of·actual or constructive knowledge of the existence of the defective condition or, in other words, his lack of contributory negligence.[1] *Wilder v. Chase Resorts, Inc.*, 543

---

1. In 1985, the Missouri Supreme Court abolished contributory negligence as a bar to the plaintiff's recovery in negligence. cases and adopted comparative fault, which gives juries the responsibility to assess·the relative fault of the parties. *Cox v. J.C. Penney Co., Inc.*, 741 S.W.2d 28, 29 (Mo. banc 1987)(citing *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc

S.W.2d 527 (Mo. App. 1976)(discussing *Cumming, Burnison,* and *Shute*). *Shute* and the cases it cited simply do not support the argument that an innkeeper owes the highest degree of care to its guests.

█ The latest Restatement (Third) of Torts, section 40, replaced section 314A of the Restatement (Second) of Torts. It likewise provides that "[a]n actor in a special relationship with another owes the other a duty of reasonable care with regard to risks that arise within the scope of the relationship." RESTATEMENT (THIRD) OF TORTS § 40(a) (AM. LAW INST. 2012). Special relationships giving rise to such duty include an innkeeper with its guests. RESTATEMENT· (THIRD) OF TORTS. § 40(b)(2). Consistent with the Restatement, the Missouri Supreme Court has found that a special relationship exists between hotel operators or innkeepers and their guests "so as to impose affirmative duties in the protection of persons and property." *Virginia D. v. Madesco. Inv. Corp.*, 648 S.W.2d 881, 885 (Mo. banc 1983). Missouri cases uniformly state that innkeepers are not insurers of the safety of their guests. *Id.*; *Lonnecker v. Borris*, 360 Mo. 529, 229 S.W.2d 524, 526 (Mo. 1950). "[B]ut they are under a duty to their guests to exercise reasonable or ordinary care to keep and maintain their premises and furnishings in a reasonably safe condition." *Lonnecker*, 229 S.W.2d at 526.[2] *See also Stafford v. Drury Inns, Inc.*, 165 S.W.3d 494, 496 (Mo. App. E.D. 2005)("This duty [of an

innkeeper to its guest] is one of reasonable care under the circumstances and is imposed as a matter of law."). Other states have similarly recognized the duty of an innkeeper to exercise reasonable or ordinary care concerning the guest. *See, e.g., Lawrence v. La Jolla Beach & Tennis Club, Inc.*, 231 Cal.App.4th 11, 179 Cal. Rptr.3d 758 (Cal. Ct. App. 2014); *Groh v. Westin Operator, LLC*, 352 P.3d 472, 475 (Colo. App. 2013); *Rayfield v. Millet Motel*, 185 So.3d 183, 187 (La. Ct. App. 2016); *Heimberger v. Zeal Hotel Group, Ltd.*, 42 N.E.3d 323, 330 (Ohio Ct. App. 2015); *Mitchell v. Pearson Enters., Inc.*, 697 P.2d 240, 243 (Utah 1985). The trial court properly instructed the jury on the standard of care in this case. The point is denied.

The judgment is affirmed.

All concur.

---

1983)). *Gustafson* thus modified the common law relationship between business owners and their invitees, and a business invitee no longer bore the burden to prove she was a without knowledge of the dangerous condition. *Id.*

**2.** In a footnote in *Madesco*, the Missouri Supreme Court stated that the proposition that only ordinary care is required of an innkeeper in the protection of ·guests was not fully supported by *Lonnecker* because the plaintiff had recovered a verdict based on an "ordinary care" submission. 648 S.W.2d at 886 n.10. However, that was not the procedural posture in *Lonnecker*. Instead, the trial court had granted a directed verdict for the defendants at the close of plaintiff's case and then subsequently determined it erred in doing so and sustained the plaintiff's motion for new trial. *Id.* Regardless, the Court in *Madesco* explicitly stated that it was not resolving the issue of what degree of care an innkeeper owes its guest. *Id.* at 886.